IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HERBERT RESNIK, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 10-527-GMS |
| | ) | |
| vs. | ) | |
| | ) | |
| PATRICIA A. WOERTZ, STEVEN R. MILLS, DAVID J. SMITH, JOHN D. RICE, EDWARD A. HARJEHAUSEN, LEWIS W. BATCHELDER, GEORGE W. BUCKLEY, MOLLIE HALE CARTER, DONALD E. FELSINGER, VICTORIA F. HAYNES, ANTONIO MACIEL NETO, PATRICK J. MOORE, THOMAS F. O'NEILL, KELVIN R. WESTBROOK, M. BRIAN MULRONEY, and ARCHER-DANIELS-MIDLAND COMPANY, | ) | |
| | ) | **Consolidated** |
| Defendants, | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| ARCHER-DANIELS-MIDLAND COMPANY, | ) | |
| | ) | |
| Nominal Defendant. | ) | |
| VLADIMIR GUSINSKY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 10-603-GMS |
| | ) | |
| vs. | ) | |
| | ) | |
| PATRICIA A. WOERTZ, GEORGE W. BUCKLEY, MOLLIE HALE CARTER, DONALD E. FELSINGER, VICTORIA F. HAYNES, ANTONIO MACIEL NETO, PATRICK J. MOORE, THOMAS F. O'NEILL, KELVIN R. WESTBROOK and M. BRIAN MULRONEY, | ) | **FINAL JUDGMENT AND ORDER** |
| | ) | |
| Defendants, | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| ARCHER-DANIELS-MIDLAND COMPANY, | ) | |
| | ) | |
| Nominal Defendant. | ) | |

## FINAL JUDGMENT AND ORDER

A hearing (the "Settlement Hearing") was held before this Court (the "Court") on March 18, 2013, pursuant to the Court's Order Preliminarily Approving Settlement and Notice entered on January 28, 2013 ("Preliminary Approval Order"). The purpose of the Settlement Hearing was to consider whether to grant final approval to a proposed Settlement of this derivative action ("Action") in accordance with a Stipulation of Settlement dated as of January 17, 2013 ("Stipulation") and filed with this Court. [D.I. 85.] The Parties appeared by their counsel of record. An opportunity to be heard has been given to all other persons requesting to be heard on this matter. Unless otherwise defined herein, all capitalized terms have the same meanings as set forth in the Stipulation.

The entire matter of the Settlement having been heard and considered by the Court,

**THE COURT HEREBY FINDS, CONCLUDES, ADJUDGES, AND ORDERS** that:

1. The Court has jurisdiction over the Action.

2. This Action has been properly maintained as a derivative action on behalf of Nominal Defendant Archer-Daniels-Midland Company ("ADM") and its shareholders, and Lead Plaintiff, Lead Counsel, and Liaison Counsel have at all times adequately represented the interests of ADM with respect to the Action and the claims asserted therein.

3. ADM has filed declarations attesting that notice was given as ordered by the Court in its Preliminary Approval Order. Specifically, on or before February 11, 2013, ADM provided notice of the proposed Settlement by: (a) posting the Stipulation and the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing ("Notice") on ADM's internet website; and (b) publishing the Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement

2

Hearing ("Summary Notice") in the legal notice section of the national edition of *The Wall Street Journal*.

4. The form, content, and manner of dissemination of notice of the Settlement was adequate and reasonable, constituted the best notice practicable under the circumstances, was due and sufficient notice of all matters related to the Settlement to persons entitled to receive such notice, and fully satisfied the requirements of due process and of Federal Rule of Civil Procedure 23.1.

5. A full opportunity to be heard about the Stipulation, the Settlement, and the Fee and Expense Petition has been afforded to all Parties, to ADM's shareholders, and to all persons having an interest in this Action.

6. The Settlement is hereby approved and confirmed as being fair, reasonable, adequate, and in the best interests of ADM and its shareholders. The Settlement is the product of good faith, arm's-length negotiations between the Parties and their respective counsel. Accordingly, the Parties are directed to consummate the Settlement in accordance with its provisions, as set forth in the Stipulation.

7. This Action is hereby dismissed on the merits with prejudice as to all Parties, with all Parties to bear their own attorneys' fees and costs except as provided herein.

8. Defendants are hereby conclusively deemed to have fully, finally, and forever released, relinquished, discharged, and covenanted not to sue Lead Plaintiff, in his personal and representative capacities, including his heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, attorneys, predecessors, successors, and assigns, on any and all claims, demands, rights, actions, causes of action, and liabilities, of any kind or nature whatsoever, for damages, injunctive relief, or any other

remedies, whether direct or derivative, state or federal, known or unknown, asserted or unasserted, absolute or contingent, matured or unmatured, in law or in equity, that are based upon, arising from, or related to, the institution, prosecution, or settlement of this Action.

9. Lead Plaintiff, ADM, and the shareholders of ADM, on behalf of themselves and of their heirs, predecessors, successors, representatives, and assigns, and, with respect to corporate entities, on behalf of each of their parents, subsidiaries, affiliates, assignees, predecessors, successors, officers, directors, employees, partners, members, representatives, and agents, are hereby conclusively deemed to have fully, finally and forever released, relinquished, discharged, and covenanted not to sue, each Individual Defendant, in their personal and representative capacities, including their heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, and assigns, and ADM, including all of its subsidiary, affiliated, and related entities, and the past, present, and future officers, directors, employees, partners, members, representatives, agents, insurers, consultants, attorneys, and assigns of any of them, on any and all claims, demands, rights, actions, causes of action, and liabilities, of any kind or nature whatsoever, for damages, injunctive relief, or any other remedies, whether direct or derivative, state or federal, known or unknown, asserted or unasserted, absolute or contingent, matured or unmatured, in law or in equity, that are based upon, arising from, or related to any of the facts, events, occurrences, or circumstances (a) that have been alleged in the Complaint, in the Amended Complaint, or in any other pleading in the Action, (b) that relate to any of the subject matters of the Action, or (c) that were or could have been asserted in the Action (all of the above are the "Released Claims"). The Released Claims include, without limitation, claims relating to ADM's 2002 Incentive Compensation Plan, the 2004 Amendment to ADM's 2002 Incentive Compensation Plan, ADM's

4

2009 Incentive Compensation Plan, ADM's Proxy Statement dated September 25, 2009, ADM's previous proxy statements and other disclosures relating to its incentive compensation plans, the awards granted or compensation paid pursuant to such plans, the tax positions taken by ADM with respect to such awards or compensation, the processes followed and steps taken by Defendants to issue equity or equity-based awards prior to the date of this Order, the validity of the issuance of such equity or equity-based awards, and Defendants' documentation of such steps and processes.

10. All of the claims described in Paragraphs 8 and 9 above are hereby extinguished, and the releasing parties are hereby deemed to have waived any and all rights, to the fullest extent permitted by law, under the provisions of Section 1542 of the California Civil Code or any other similar state law, federal law, or principle of common law, which may have the effect of limiting the releases set forth above. Section 1542 of the California Code provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

11. The releasing parties are hereby permanently barred and enjoined from instituting, asserting, or prosecuting, either directly, representatively, or in any other capacity, any of the claims that they released as described in Paragraphs 8 and 9 above.

12. This Order, the Stipulation, and the Settlement shall not constitute or be construed as a presumption, concession, admission, or inference by Lead Plaintiff that the Amended Complaint lacks merit, or by ADM or any of the Individual Defendants (a) of any breach of duty, liability, fault, or wrongdoing as to any facts or claims alleged in this Action, or (b) that Lead Plaintiff, ADM, or any other shareholders of ADM have suffered any damages. Neither this

Order, nor the Stipulation, nor the Settlement, nor any of the negotiations, transactions, or proceedings in connection with the Settlement, shall be deemed, invoked, offered, or received into evidence in any civil, criminal, or administrative action or other proceeding of any nature whatsoever, except as may be necessary to enforce or effectuate the Stipulation and this Order.

13. Lead Counsel and Liaison Counsel are hereby awarded attorneys' fees, and reimbursements of costs and expenses, in the total amount of $1,500,000 in connection with this Action, which fees, costs, and expenses the Court finds to be fair and reasonable (the "Fee Award"). ADM or its insurers are directed to pay the Fee Award to Barrack, Rodos & Bacine by wire transfer within fifteen (15) business days of the date on which Defendants receive notice of entry of this Order; provided, however, that Lead Counsel and Liaison Counsel will be obliged to make appropriate refunds or repayments to the payor(s) of the Fee Award as provided in the Stipulation if, as a result of any appeal and/or any further proceedings, the amount of the Fee Award is reduced by the Court or other court of competent jurisdiction.

14. Without affecting the finality of this Order in any way, jurisdiction is reserved over all matters related to the administration, consummation, and enforcement of the terms of the Stipulation and Settlement.

There being no reason for delay,

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**IT IS SO ORDERED.**

Date: March 19, 2013.

ENTERED BY ORDER OF THE COURT:

The Honorable Gregory M. Sleet
United States District Judge